**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| MARY T. KEPPER a/k/a § | | |
| MARY THERESA CONNERS § | | |
| § | | |
| V. § | A-14-CV-124-SS-AWA | |
| § | | |
| CAROLYN W. COLVIN, § | | |
| COMMISSIONER OF THE § | | |
| SOCIAL SECURITY ADMINISTRATION § | | |

**ORDER TO SHOW CAUSE**

Before the Court are: Plaintiff's Complaint seeking reversal of the Social Security Administration's final decision (Dkt. No. 4); Plaintiff's Brief in Support of Claim (Dkt. No. 15); and Defendant's Brief in Support of the Commissioner's Decision (Dkt. No. 16). Also before the Court is the Social Security record filed in this case (Dkt. No. 13) (cited as "Tr.").

**I. General Background**

Plaintiff Mary T. Kepper a/k/a Mary Theresa Conners ("Kepper") filed applications for disability insurance benefits and supplemental security income on August 20, 2009, alleging a disability onset date of June 1, 2008. The Administration denied her claim initially and again upon her request for reconsideration. An Administrative Law Judge, Barbara C. Marquardt, held a hearing on the matter on March 7, 2011. At the hearing, Marquardt heard testimony from Kepper and a vocational expert; Kepper was represented by an attorney. Mardquardt denied both claims.

Kepper appealed and the case was remanded. The Appeals Council ordered Mardquardt to obtain additional evidence, including: 1) evidence from medical experts considering the severity of all of the claimant's medically determinable impairments; 2) further evaluate the claimant's mental impairments in accordance with the special technique described in 20 CFR §§ 404.1520a and

416.920a; 3) consider the claimant's maximum residual functional capacity; and 4) obtain evidence from a vocational expert regarding the effect of the assessed limitations on the occupational base. Tr. 101. A second hearing was held, again before Marquardt, on August 8, 2012. Kepper, an impartial medical expert, and an impartial vocational expert testified. Kepper was represented by counsel.

     A second decision was issued on September 13, 2012. It was signed not by Marquardt, the presiding Administrative Law Judge, but with a digital signature that stated, "/s/ Osly F. Deramus for Barbara Marquardt." Tr. 32. The decision stated that Kepper has the residual functional capacity to perform light work, including her past relevant work as a hairstylist. Tr. 27, 31. Accordingly, Kepper was declared not disabled as defined by the Social Security Act. Tr. 32. Kepper requested review of that decision but the Appeals Council denied her request on November 13, 2013. Tr. 7-9. She filed this action on February 10, 2014.

## II.  Definitions and Legal Standards

     Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (internal quotation marks omitted). The Court considers "four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Id.* at 174.

However, a reviewing court "may not reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); *see also* 42 U.S.C. § 405(g).

### III.  Analysis

As noted above, the decision in Kemper's case was not signed by Barbara C. Marquardt, the Administrative Law Judge ("ALJ") who presided over the August 8, 2012 hearing. Instead, it was digitally signed by Osly F. Deramus. Neither Kepper nor the Commissioner mentioned this discrepancy in their briefs. But as the Court will now explain, this discrepancy is deeply troubling and may be grounds for remand.

While it strikes this Court as odd for one ALJ to sign a decision for a hearing that another ALJ conducted, apparently it is not unprecedented. Indeed, it is sufficiently common that the Social Security Administration has set out two different procedures for ALJs to follow when one is signing for another. When the ALJ who conducted a hearing is not available due to death, retirement, resignation, or long term illness, a Hearing Office Chief ALJ ("HOCALJ") may reassign the case to another ALJ:

> The ALJ to whom the case is reassigned will review the record and determine whether or not another hearing is required to issue a decision. The ALJ's review will include all of the evidence of record, including the audio recording of the hearing...If the ALJ is prepared to issue a less than fully favorable decision, another hearing may be necessary. For example, another hearing would be necessary if relevant vocational expert opinion was not obtained at the hearing, or the claimant alleges disabling pain, and the ALJ believes the claimant's credibility and demeanor could be a significant factor in deciding the case.

3

> If the ALJ holds a new hearing, the ALJ will consider all pertinent documentary evidence admitted into the record at the prior hearing, the oral testimony at the prior hearing, and the evidence and testimony adduced at the new hearing.

HALLEX I-2-8-40[1]. Though HALLEX does not say so explicitly, it seems the new ALJ will then write a decision and sign it in his own name, not in the name of the original ALJ.

In the alternative, "when an ALJ has approved a final decision draft" but is merely "unavailable to sign the final decision, the HOCALJ will sign the final decision on behalf of the ALJ who is temporarily unavailable." *Id.* The HOCALJ may only do so if the ALJ who authored the decision gave the HOCALJ "prior affirmative written authorization to sign the decision." *Id.* The authorization must be well documented:

> The authorization may be contained in an e-mail, fax, or other writing that includes all of the following:
>
> •   An affirmative statement that ALJ has read the decision/order; and
> •   An affirmative statement that the ALJ concurs with the decision/order as written, or, concurs with the decision/order with specified changes previously reviewed and approved by the ALJ before authorization; and
> •   An affirmative statement that "HOCALJ X" is authorized to sign the decision/order
>
> The ALJ must sign any non email paper document affirmative written authorization with his/her "wet" signature. A rubber stamp or other mechanical signature is not acceptable or authorized under any circumstances. (See HALLEX I-2-8-1 General). If the above requirements are met, the HOCALJ would sign the decision/order "HOCALJ John Doe for ALJ Jane Smith."
>
> The final decision/order signed by the HOCALJ, the draft decision/order approved by the ALJ and the ALJ's written authorization for the HOCALJ to sign the final decision/order on his/her behalf will be retained in the claims folder.

*Id.*

---

[1]HALLEX is the Social Security Administration's Hearings, Appeals, and Litigation Law Manual. It "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels." HALLEX I-1-0-1.

As the decision was signed "for Barbara C. Marquardt," it is likely that the second of the two scenarios happened here: Marquardt, the ALJ who was assigned the case and presided over the hearing wrote a draft of the decision but then, for whatever reason, was unavailable to sign it. She then handed it over to Deramus who signed it. This, however, is speculation, because there is no mention of this in the record, and the record does not contain any documentation of the delegation of the signing of the order: there is no affirmative statement that Marquardt read the decision; no affirmative statement that she concurs with the decision; no affirmative statement that the HOCALJ was authorized to sign the decision; no paper authorization with her "wet" signature; indeed there is no indication of who Deramus even is.

A review of the ALJ decision makes the situation even more troubling. The decision is riddled with errors, including misspellings, transposition of words, and the failure to edit out what is presumably draft text. No fewer than 11 paragraphs over seven pages contain readily recognizable errors.[2] Most egregious of all was the following passage from page 13 of the decision, which the Court reproduces verbatim:

> The undersigned notes that the claimant testified that she did started the new medication prescribed by this provider in July 2012. Is taking Cymbalta, about 2 weeks, before antidepressant could not take side effects took whole bottle putting out at night but whole day too tired and groggy all day long took the medication earlier in 2012 (gapapenitn??) or amy trip

Tr. 31 (*sic*). Clearly, whoever wrote the decision—Marquardt, Deramus, or someone else entirely—never actually read it before handing it over to be signed and submitted. Deramus likely did not read it before affixing his electronic signature. Nor, apparently, did the Appeals Council,

---

[2]The paragraphs can be found at: Tr. 23 paras. 1, 4; Tr. 24 paras. 3, 5; Tr. 25 para. 3; Tr. 26 para. 2; Tr. 28, para. 5; Tr. 29 para. 1; Tr. 31, paras. 1, 2, 3.

despite stating that it had reviewed "the entire record" when it denied Kepper's request for review. Tr. 8.  Finally, as noted, neither the Commissioner, nor the claimant herself, briefed the Court on either the textual errors or the ALJ's failure to follow procedures.

When the Social Security Administration fails to follow its own procedures, and prejudice results, remand is warranted. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) (citations omitted). The procedures regarding the signing of a decision are no exception.  The Commissioner's failure to follow its own procedures has left the Court with a mystery decision that may not be fit for review.  Indeed, it is not clear that this decision constitutes a proper final decision reviewable under the Social Security Act, 42 U.S.C. § 405(g).   Until the Court knows more about who actually decided Kepper's case, who wrote the decision, and how it came to be signed and submitted despite its obviously shoddy drafting, the Court cannot perform its duties.

Accordingly, the Court hereby **ORDERS** Carolyn W. Colvin, Acting Commissioner of Social Security, to **SHOW CAUSE** as to why this case should not be remanded because the decision does not constitute a final reviewable action under 42 U.S.C. § 405(g).  In the event the Commissioner contends that the case should not be remanded, then she shall state specifically why the defects discussed above, and the lack of a record permitting an alternative signature, do not require the remand of the case.  The Commissioner shall file her response to this order by April 22, 2015, and Kepper shall file a response, if any, by May 5,2 015.

SIGNED this 1st day of April, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE